IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Remoi Okocci,                           :
                                        :
          Plaintiff,                    :
                                        : Civil Action No. 02-2631
     vs.                                :
                                        :
Klein, C.O., et. al.,                   :
                                        :
          Defendants.                   :

**ORDER**

AND NOW, this _____ day of August, 2002, upon consideration of the Motion of the federal defendants, the unnamed Immigration and Naturalization Service, Senior Detention and Deportation Officers at Berks County Prison, for permission to file their first responsive pleading on September 27, 2002 and for good cause shown, it is hereby ORDERED that the motion is GRANTED.

          BY THE COURT


          _____
          JOYNER, CURTIS J.
          United States District Court Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Remoi Okocci, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 02-2631 |
| vs. : | |
| : | |
| Klein, C.O., et. al., : | |
| : | |
| Defendants. : | |

MOTION OF THE FEDERAL DEFENDANTS FOR AN
ENLARGEMENT OF TIME TO FILE ITS FIRST RESPONSIVE PLEADING

    1.  On May 5, 2002, the above captioned matter was transferred to this Court from the Middle District of Pennsylvania.  The initial complaint consisted of three hand written pages outlining general Constitutional violations against several named and unnamed state official who are employed by the Berks County Prison.  Plaintiff identified himself as a non-resident alien incarcerated at Berks County Prison and stated that INS was responsible for his custody arrangements at Berks County Prison.  As a consequence, on May 13, 2002, the Immigration and Naturalization Service was served with a copy of the complaint.  No federal officials were named as defendants in the initial complaint.

    2.  On July 18, 2002, the Court ordered plaintiff to file an amended complaint within thirty days of the Court's Order.  On August 9, 2002, the time for the federal defendants[1] to respond

---

    [1]  To the extent that this Motion constitutes the INS Agent Slovic and INS Agent Bernal's first responsive pleading,

to the initial complaint came due.  Because the plaintiff was ordered to file an amended complaint at some later date, the federal defendants sought leave to file a response to the amended complaint fourteen days after the amended complaint was filed rather than respond to the initial complaint.  The federal defendants based their initial request for fourteen days on the specificity and content of the initial complaint.  The federal defendants anticipated that supplemental facts would be contained in the amended complaint; however, the amended complaint was more comprehensive than anticipated.  Plaintiff names two federal officials in their individual capacities and set forth arguments related to their alleged personal liability for constitutional violations.

    3.    Upon review of the amended complaint, additional time is necessary to contact the individuals personally named in the amended complaint and to secure representation for these defendants from the agency.  This must be done before any

---

said defendants hereby raise and reserve all defenses to plaintiff's complaint, including but not limited to:
        (a)   Absolute and/or qualified immunity,
        (b)   Insufficiency of process,
        (c)   Insufficiency of service of process,
        (d)   Lack of subject matter jurisdiction,
        (e)   Lack of in personam jurisdiction,
        (f)   Improper venue,
        (g)   Failure to state a claim upon which relief may be granted,
        (h)   Failure to join a necessary and indispensable party.

response is filed on their behalf.

    4.   This is the second extension of time requested by the federal defendants and the undersigned counsel for the United States respectfully submits that there is good cause to grant this motion.

    5.   The undersigned counsel of record was unable to contact plaintiff to secure his response to this motion.

WHEREFORE, for the reasons set forth herein, the federal defendants respectfully request that their motion be granted, and that they be granted permission to file their first responsive pleading on September 27, 2002.

                      Respectfully submitted,

                      PATRICK L. MEEHAN
                      United States Attorney

_____

JAMES G. SHEEHAN
United States Attorney

_____

NURIYE C. UYGUR
Assistant United States Attorney
The United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1200
(215) 861-8324

Attorneys for the Federal
    Defendants

Dated: August 27, 2002

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
Remoi Okocci,                         :
                                      :
           Plaintiff,                 :
                                      : Civil Action No. 02-2631
      vs.                             :
                                      :
Klein, C.O., et. al.,                 :
                                      :
           Defendants.                :
```

MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF THE FEDERAL DEFENDANTS FOR AN
<u>ENLARGEMENT OF TIME TO FILE ITS FIRST RESPONSIVE PLEADING</u>

The federal defendants, the unnamed Immigration and Naturalization Service, Senior Detention and Deportation Officers at Berks County Prison ("federal defendants"),[2] respectfully request permission to file their first responsive pleading on September 27, 2002.

On May 5, 2002, the above captioned matter was transferred to this Court from the Middle District of Pennsylvania. The

---

[2] To the extent that this Motion constitutes the unnamed federal defendants' first responsive pleading, said defendants hereby raise and reserve all defenses to plaintiff's complaint, including but not limited to:
    (a)  Absolute and/or qualified immunity,
    (b)  Insufficiency of process,
    (c)  Insufficiency of service of process,
    (d)  Lack of subject matter jurisdiction,
    (e)  Lack of in personam jurisdiction,
    (f)  Improper venue,
    (g)  Failure to state a claim upon which relief may be granted,
    (h)  Failure to join a necessary and indispensable party.

initial complaint consisted of three hand written pages outlining general Constitutional violations against several named and unnamed state official who are employed by the Berks County Prison.

Plaintiff identified himself as a non-resident alien incarcerated at Berks County Prison and stated that INS was responsible for his custody arrangements at Berks County Prison. As a consequence, on May 13, 2002, the Immigration and Naturalization Service was served with a copy of the complaint. No federal officials were named as defendants in the initial complaint.

On July 18, 2002, the Court ordered plaintiff to file an amended complaint within thirty days of the Court's Order. On August 9, 2002, the time for the federal defendants[3] to respond to the initial complaint came due. Because the plaintiff was ordered to file an amended complaint at some later date, the

---

[3] To the extent that this Motion constitutes the INS Agent Slovic and INS Agent Bernal's first responsive pleading, said defendants hereby raise and reserve all defenses to plaintiff's complaint, including but not limited to:
    (a)  Absolute and/or qualified immunity,
    (b)  Insufficiency of process,
    (c)  Insufficiency of service of process,
    (d)  Lack of subject matter jurisdiction,
    (e)  Lack of in personam jurisdiction,
    (f)  Improper venue,
    (g)  Failure to state a claim upon which relief may be granted,
    (h)  Failure to join a necessary and indispensable party.

federal defendants sought leave to file a response to the amended complaint fourteen days after the amended complaint was filed rather than respond to the initial complaint. The federal defendants based their initial request for fourteen days on the specificity and content of the initial complaint. The federal defendants anticipated that supplemental facts would be contained in the amended complaint; however, the amended complaint was more comprehensive than anticipated. Plaintiff names two federal officials in their individual capacities and set forth arguments related to their alleged personal liability for constitutional violations.

Upon review of the amended complaint, additional time is necessary to contact the individuals personally named in the amended complaint and to secure representation for these defendants from the agency. This must be done before any response is filed on their behalf. Consequently, the federal defendants respectfully request that they be permitted to file their first responsive pleading on September 27, 2002.

WHEREFORE, for the reasons set forth herein, the federal defendants respectfully request that their motion be granted, and that they be granted permission to file their first responsive pleading on September 27, 2002.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

_____
JAMES G. SHEEHAN
United States Attorney

_____
NURIYE C. UYGUR
Assistant United States Attorney
The United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1200
(215) 861-8324

Attorneys for the Federal
    Defendants

Dated: August 27, 2002

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true and correct copy of the within MOTION FOR ENLARGEMENT OF TIME has been served this day, AUGUST 27, 2002, by first class mail, postage prepaid, upon the following:

> Remoi Okocci, A#72-748-741
> ID#02-3030, Unit C-1-76
> Montgomery County Corrections Facility
> 60 Eagleville Road
> Norristown, PA 19403

_____
NURIYE C. UYGUR
Assistant United States Attorney