IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REMOI OKOCCI,  :  <br> : <br> Plaintiff,  : <br> : <br> v.  : <br> : <br> KLEIN, C.O., JAMES R. BROWN, SGT. : <br> JOHN DOE, SHIFT COMMANDER, : <br> BERKS COUNTY PRISON ASSISTANT : <br> WARDEN, INS SENIOR DETENTION : <br> AND DEPORTATION OFFICERS AT : <br> BERKS COUNTY PRISON, : <br> : <br> Defendants.  : | CIVIL ACTION NO. 02-2631 |

ORDER

AND NOW, this           day of                              2002, upon consideration of the motion to dismiss the amended complaint of defendants, the Immigration and Naturalization Service ("INS"), and James Slovic and Robert Bernal, INS Detention and Deportation Officers at Berks County Prison, and plaintiff's response thereto, it is hereby

ORDERED

that the motion to dismiss of defendants, the INS and James Slovic and Robert Bernal, INS Detention and Deportation Officers at Berks County Prison, is GRANTED for the reasons set forth in their memorandum of law.  Plaintiff's Amended Complaint directed to Defendants, the INS and James Slovic and Robert Bernal, INS Detention and Deportation Officers at Berks County Prison, is hereby DISMISSED WITH PREJUDICE.

BY THE COURT:

_____
J. Curtis Joyner
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REMOI OKOCCI, | : |
|     Plaintiff, | : |
| v. | :  CIVIL ACTION NO. 02-2631 |
| KLEIN, C.O., JAMES R. BROWN, SGT. JOHN DOE, SHIFT COMMANDER, BERKS COUNTY PRISON ASSISTANT WARDEN, INS SENIOR DETENTION AND DEPORTATION OFFICERS AT BERKS COUNTY PRISON, | : |
|     Defendants. | : |

### DEFENDANTS' THE INS AND INS DETENTION AND DEPORTATION OFFICERS MOTION TO DISMISS THE AMENDED COMPLAINT

Pursuant to Rules 12(b) of the Federal Rules of Civil Procedure, defendants, the Immigration and Naturalization Service ("INS"), and James Slovic and Robert Bernal, INS, Detention and Deportation Officers at Berks County Prison, move this Court for an order dismissing plaintiff's amended complaint against them. The basis for this motion is as follows:

1. Plaintiff can not sue the INS for damages for Constitutional violations pursuant to <u>F.D.I.C. v. John H. Meyer</u>, 510 U.S. 471, 486 (1994).

2. Plaintiff's claim that INS agents Slovic and Bernal violated his due process and equal protection rights fails to set forth any facts upon which to base a "clearly established" violation of these rights; therefore, these defendants are entitled to qualified immunity. Moreover, plaintiff's claims against defendant James Slovic, who is Robert Bernal's supervisor, fail because

a violation of Constitutional rights cannot, in any event, be predicated upon the theory of <u>respondeat superior</u>.

3. Plaintiff's amended complaint must be dismissed because plaintiff has not properly served INS agents Slovic and Bernal in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.

WHEREFORE, defendants the INS and James Slovic and Robert Bernal, INS Detention and Deportation Officers at Berks County Prison, respectfully request that the Court grant their motion and dismiss plaintiff's Amended Complaint as to the INS and INS agents Slovic and Bernal.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

_____
JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

_____
NURIYE C. UYGUR
Assistant United States Attorney
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA
(215) 861-8324

Dated: September 27, 2002

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REMOI OKOCCI, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 02-2631 |
| KLEIN, C.O., JAMES R. BROWN, SGT. JOHN DOE, SHIFT COMMANDER, BERKS COUNTY PRISON ASSISTANT WARDEN, INS SENIOR DETENTION AND DEPORTATION OFFICERS AT BERKS COUNTY PRISON, | : |
| Defendants. | : |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' INS AND
INS DETENTION AND DEPORTATION OFFICERS MOTION TO DISMISS

In a thirteen page handwritten amended complaint, *pro se* plaintiff, Immigration and Naturalization Service ("INS") detainee Remoi Okocci, alleges that various Berks County prison officials and INS officials engaged in conduct that allegedly violated his Constitutional rights. Plaintiff has sued Berks County Prison Corrections Officer Klein, Warden George Wagner, Sergeant Brown and Shift Commander John Doe. Plaintiff also names INS agents James Slovic and Robert Bernal. Plaintiff was being detained in a state prison awaiting his deportation by the INS. Plaintiff alleges that a shank was found in his prison cell, and that, after an administrative disciplinary hearing at the prison, plaintiff was held responsible for the shank found in his cell. Plaintiff was placed in disciplinary segregation as a penalty for this offense. As to the state prison officials, plaintiff alleges, *inter alia*, that his right to procedural due process was violated because he requested and was denied finger print analysis of the shank by Berks County Prison officials. Plaintiff also alleges that his

equal protection rights were violated because Berks County Prison inmates charged with possession and/or consumption of controlled substances are entitled to chemical analysis of those substances at disciplinary hearings while finger print analysis is not available.

As to INS officials Slovic and Bernal, plaintiff alleges that INS agent Bernal violated his Constitutional rights by attending his administrative disciplinary hearing at the prison and not intervening on plaintiff's behalf. Plaintiff alleges that INS agent Slovic, who was not present at the hearing, is liable because he is INS agent Bernal's supervisor and he failed to intervene on plaintiff's behalf after prison discipline was imposed. As will be explained in greater detail below, plaintiff has failed to state a claim against the INS defendants.

First, as to the INS, the law is clear that plaintiff can not sue a Federal agency for damages for Constitutional violations pursuant to F.D.I.C. v. John H. Meyer, 510 U.S. 471, 486 (1994).[1] Second, plaintiff's amended complaint fails to allege that either INS agent Slovic or Bernal took any affirmative action in furtherance of these alleged Constitutional violations of Berks County Prison officials. Plaintiff merely alleges that INS agent Bernal's presence at the subject Berks County Prison disciplinary hearing constituted a Constitutional violation. In fact, plaintiff does not even allege that INS Agent Slovic attended the subject hearing. As such, plaintiff has failed to allege that INS agents Slovic and Bernal violated any "clearly established" Constitutional rights and these

---

[1] Plaintiff served the United States Attorney with a copy of the complaint on behalf of the INS. The United States Attorney's Office is authorized to accept service on behalf of a Federal agency; however, it may not accept service if agency officials are sued in their personal capacity. Because we are not authorized to accept service on behalf of Federal Officials sued in their individual capacities such as defendants Slovic and Bernal, we were left to assume that plaintiff was serving the complaint upon the INS and that some agency interest was implicated in this lawsuit. Accordingly, in an abundance of caution, this motion addresses why a Federal agency may not be sued for alleged Constitutional violations.

defendants should be entitled to qualified immunity. Moreover, plaintiff's claim against defendant James Slovic, who is Robert Bernal's supervisor, fails because a violation of Constitutional rights cannot, in any event, be predicated upon the theory of respondeat superior. Third and finally, plaintiff has failed to make proper service on INS agents Slovic and Bernal. Therefore, the claims against these defendants are subject to dismissal. As we will show, the plaintiff's claims against the INS and INS agents Slovic and Bernal should be dismissed.

ARGUMENT

I.  PLAINTIFF CANNOT STATE ANY CONSTITUTIONAL CLAIM AGAINST THE INS OR INS AGENTS SLOVIC AND BERNAL

    A.  Plaintiff Can Not Sue A Federal Agency For Damages For Constitutional Violations

Federal courts are courts of limited jurisdiction. See Aldinger v. Howard, 427 U.S. 1, 15 (1976). Parties seeking to invoke the subject matter jurisdiction of the federal court has the burden of establishing subject matter jurisdiction. Gibbs v. Buck, 307 U.S. 66, 72 (1939); Mortensen v. First Federal Savings & Loan Ass'n., 549 F.2d 884, 891 & n. 16 (3d Cir. 1977). The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Id.

Under the doctrine of sovereign immunity, the United States is immune from suit except as it consents to be sued. See United States v. Sherwood, 312 U.S. 584 (1941). The principle of sovereign immunity extends to the sovereign's agencies, including military service departments. Alasevich v. United States Air Force Reserve, No. 95-CV-2572, 1997 U.S. Dist. LEXIS 3861, at *6, 1997 WL 152816 (E.D. Pa. Mar. 26, 1997), citing, Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir. 1993). There must be a specific waiver of sovereign immunity for a plaintiff to sue the United

States or its agencies. Id. Jurisdictional statutes themselves are insufficient to constitute a waiver of sovereign immunity. Licata, 33 F.3d at 262.

It is well established that "[t]here is notably no sovereign immunity waiver for claims of constitutional violations," claims brought under 42 U.S.C. § 1983, and claims brought under Bivens. F.D.I.C. v. Meyer, 510 U.S. 471 (1994). In this matter, plaintiff appears to seek a finding of liability against the INS for various alleged violations of his Constitutional rights. See Infra, n. 1. However, plaintiff can not sue the United States or federal agencies for damages for Constitutional violations pursuant to F.D.I.C. v. Meyer, 510 U.S. at 486. Consequently, the INS should be dismissed as a defendant in this lawsuit.

      B.    Plaintiff Cannot State Any Constitutional Claim Which is Not Barred By the Doctrine of Qualified Immunity

Although federal officials are subject to suit in their individual capacities for alleged violations of Constitutional rights, they are afforded broad protection from liability under the doctrine of qualified immunity. See generally Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The doctrine of qualified immunity holds that "governmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818, 102 S.Ct. at 2738. A "clearly established" right is generally defined as a right so thoroughly developed and consistently recognized under the law of the jurisdiction as to be "indisputable" and "unquestioned". Zweibon v. Mitchell, 720 F.2d 162, 172-73 (D.C. Cir. 1983), cert. denied, 469 U.S. 880, 105 S.Ct. 244, 83 L.Ed.2d 182 (1984). Because only suits for violations of clearly established Constitutional rights may proceed

under the qualified immunity doctrine, the Supreme Court has observed that doctrine protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

The Supreme Court has recognized that "permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). See also Harlow, 457 U.S. at 814, 102 S.Ct. at 2736 ("social costs" of such litigation include "the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office"). The defense of qualified immunity is thus "an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). The doctrine of qualified immunity is intended to "spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). As a result, the Supreme Court has repeatedly emphasized that the issue of qualified immunity "should be resolved at the earliest possible stage of a litigation" in order to avoid the "'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" Anderson, 483 U.S. at 646 n. 6, 107 S.Ct. at 3042 n.6, quoting Harlow, 547 U.S. at 817, 102 S.Ct. at 2737-38. See Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991).

In determining whether an individual is entitled to claim qualified immunity, the Court must first "determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all." Conn v. Gabbert, 526 U.S. 286, 290, 119 S.Ct. 1292, 1295, 143 L.Ed.2d

399 (1999). A decision on this "purely legal question permits courts expeditiously to weed out suits" without requiring the defendant to engage in time consuming preparation to defend the lawsuit. Siegert, 500 U.S. at 232, 111 S.Ct. at 1793. Where plaintiff fails to allege the violation of a Constitutional right, the defendant is plainly entitled to qualified immunity. Id. at 232-33, 111 S.Ct. at 1793-94.

Next, the plaintiff must establish that the Constitutional right that the Government official allegedly violated was "clearly established" at the time of the alleged violation. Conn, 526 U.S. at 290, 119 S.Ct. at 1295. The Supreme Court has observed that the plaintiff cannot merely allege the violation of "extremely abstract rights." Anderson, 483 U.S. at 639, 107 S.Ct. at 3039. See In re City of Philadelphia Litigation, 158 F.3d 711, 718 (3rd Cir. 1998)("the courts are required to conduct more than a generalized inquiry into whether an abstract constitutional right is implicated"). Rather, the right the Government official is alleged to have violated must have been "clearly established" in a more "particularized" sense. Id. at 640, 107 S.Ct. at 3039. While this standard does not require that "the very action in question has previously been held unlawful", the Supreme Court has explained the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right". Id. In other words, in "light of pre-existing law the unlawfulness must be apparent." Id.

Moreover, the clearly established Constitutional right the Federal official allegedly violated must be set forth by the plaintiff with "specificity." Bartholomew v. Commonwealth of Pennsylvania, 221 F.3d 425, 429 (3rd Cir. 2000). See Wilson v. Layne, 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). The determination of whether a particular defendant is entitled to qualified immunity "demands a highly individualized inquiry." Rouse v. Plantier, 182 F.3d 192, 200

(3rd Cir. 1999).  The critical issue is whether a reasonable public official "would know that his or her <u>specific</u> <u>conduct</u> violated clearly established rights." <u>Grant v. City of Pittsburgh</u>, 98 F.3d 116, 121 (3rd Cir. 1996)(emphasis in original).  See <u>Reitz v. County of Bucks</u>, 125 F.3d 139, 147 (3rd Cir. 1997)(qualified immunity analysis "requires application of the law to the particular conduct at issue").  If it was not "clearly established" that the federal official's specific conduct violated plaintiff's constitutional rights, the official is entitled to qualified immunity.

Finally, even if a public official violated a clearly established constitutional right, the court must determine whether a reasonable official would know that his conduct violated the plaintiff's rights.  <u>Harlow</u>, 457 U.S. at 818, 102 S.Ct. at 2738; <u>Bartholomew</u>, 221 F.3d at 428.  The Supreme Court has stated that the focus of qualified immunity is on the "objective legal reasonableness" of the actions taken by the public official and has held that Government officials are to be granted immunity from civil claims "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." <u>Anderson</u>, 483 U.S. at 638, 107 S.Ct. at 3038.  See <u>Malley</u>, 475 U.S. at 341, 106 S.Ct. at 1096 (qualified immunity recognized where "officers of reasonable competence could disagree" about whether the action was lawful); <u>Good v. Dauphin County Social Services for Children and Youth</u>, 891 F.2d 1087, 1092 (3rd Cir. 1989)(test is whether reasonable officials in the position "could have believed, in light of what was in the decided case law, that their conduct would be lawful").  Thus, government officials are entitled to qualified immunity where "their decision was reasonable, even if mistaken." <u>Hunter</u>, 502 U.S. at 229, 112 S.Ct. at 537.

The defendant has the ultimate burden of establishing the defense of qualified immunity. <u>Karnes v. Skrutski</u>, 62 F.3d 485, 491 (3rd Cir. 1995).  Nevertheless, where the defendant

asserts a qualified immunity defense, the plaintiff bears the initial burden of showing that the defendant's conduct violated some "clearly established" constitutional right. Sherwood v. Mulvihill, 113 F.3d 396, 399 (3rd Cir. 1997). The Third Circuit has held that "the question of whether a constitutional right is clearly established and the question of whether the officer acted reasonably are matters of law for the court to decide." Bartholomew, 221 F.3d at 428. See also Sharrar v. Felsing, 128 F.3d 810, 828 (3rd Cir. 1997).

        Here, plaintiff fails to establish that the Constitutional rights that the Government officials allegedly violated were "clearly established" at the time of the alleged violation. Plaintiff claims that INS agent Bernal's presence at the prison disciplinary hearing and his supervisor, INS agent Slovic's, alleged knowledge of the results of the hearing violated his procedural due process and equal protection rights. Specifically, as to the INS officials, plaintiff alleges that his right to procedural due process was violated because he requested and was denied finger print analysis of the shank by Berks County Prison officials, and that his equal protection rights were violated because Berks County Prison inmates charged with possession and/or consumption of controlled substances are entitled to chemical analysis of those substances at disciplinary hearings while finger print analysis is not available. First, plaintiff did not allege that the INS agents themselves refused to perform the requested fingerprint analysis, or even had the authority to order fingerprint analysis while plaintiff was incarcerated in a state prison. In order to state a Constitutional claim against an individual, the complaint must allege that <u>that</u> individual's actions violated his clearly established Constitutional rights. That has not been alleged here by plaintiff as to the INS agents.[2]

---

    [2]    In addition, as explained in section C of this brief, liability for Constitutional violations can not be established by <u>respondeat superior</u>.

Second, there is no violation of plaintiff's procedural due process stated when a prisoner is denied finger print analysis at an administrative disciplinary hearing in prison. See Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974)(plaintiff is entitled to written notice of the charges, a written statement of the evidence relied upon, and an opportunity to call witnesses and present documentary evidence). No right exists to fingerprint analysis. Third, there is no violation of plaintiff's equal protection rights stated when a prisoner is denied finger print analysis but other prisoners are afforded chemical analysis for violation of a controlled substances ban. To state an equal protection claim, plaintiff must establish that he was treated differently than others similarly situated and that disparate treatment was motivated by an intent to discriminate. Sabatini v. Reinstein, 1991 WL 626667 (E.D. Pa August 20, 1999). Plaintiff has failed to identify individuals who are similarly situated and who were treated differently. Plaintiff identified no other inmates who were provided fingerprint analysis of shanks while he was denied it. Plaintiff's attempt to compare his situation to that of persons accused of abusing chemical substances is inapposite. Abuse of chemical substances has nothing to do with possessing a weapon in your prison cell. Accordingly, plaintiff has failed to establish that the Constitutional rights that the Federal Government official allegedly violated were "clearly established" at the time of the alleged violation. Consequently, INS agents Slovic and Bernal are entitled to qualified immunity.

        C.    Plaintiff Cannot State Any Constitutional Claim Against INS Agent James Slovic

It is fundamental that liability for a Bivens claim cannot be premised upon the operation of respondeat superior. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3rd Cir. 1976). To be held

liable in a Bivens case for an alleged violation of Constitutional rights, the defendant must have direct and personal involvement in the allegedly wrongful conduct. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3rd Cir. 1988); Coleman v. Frame, 843 F.Supp. 993, 994 (E.D. Pa. 1994). Courts have held, for example, that "an official's failure to supervise, train, and discipline subordinates could not, absent a showing of the official's direct involvement in the subordinate's unconstitutional actions, amount to a breach of clearly established constitutional duty". Brown v. Grabowski, 922 F.2d 1097, 1120 (3rd Cir. 1990), cert. denied 501 U.S. 1218, 111 S.Ct. 2827, 115 L.Ed.2d 997 (1991). The Third Circuit has stated that the requisite personal involvement may be shown through "allegations of personal direction or of actual knowledge and acquiescence" and that those allegations must be made with particularity. Rode, 845 F.2d at 1207. Moreover, where several officials are alleged to have violated the plaintiff's rights, the plaintiff "must plead the personal involvement of each defendant with specificity and with sufficient facts to overcome a likely defense of immunity." Rallis v. Stone, 821 F.Supp. 466, 470 (E.D. Mich 1993). See generally Rouse, 182 F.3d at 200; Grant, 98 F.3d at 122.

Here, plaintiff does not allege that INS agent James Slovic attended or participated in the prison disciplinary hearing that resulted in plaintiff being placed in disciplinary segregation; rather, plaintiff alleges that it was incumbent upon Slovic to have intervened upon allegedly learning of the penalty imposed upon plaintiff. As such, plaintiff does not set forth sufficient specific factual allegations showing that INS agent Slovic directly participated in the alleged wrongdoing. It appears from plaintiff's amended complaint that INS agent Slovic learned of the result of the disciplinary proceeding as part of his supervisory responsibility over INS agent Bernal. In short, plaintiff cannot set forth any Constitutional claim against defendant INS agent Slovic because he makes no

allegations that Slovic had any personal involvement in the alleged violation of the plaintiff's constitutional rights during the disciplinary hearing. Accordingly, INS agent Slovic should be dismissed as a defendant on this additional ground.

II.   PLAINTIFFS' COMPLAINT MUST BE DISMISSED FOR FAILURE TO MAKE PROPER SERVICE UPON INS AGENTS SLOVIC AND BERNAL

Under Rule 4(i) of the Federal Rules of Civil Procedure, service upon the United States may be effected by: (1) delivering a copy of the summons and complaint to the United States Attorney (or designed employee) for the district in which the action has been brought or by sending a copy of the summons and complaint by registered or certified mail to the civil process clerk for the United States Attorney's Office and (2) sending a copy of the summons and complaint by registered or certified mail to the Attorney General for the United States. Fed.R.Civ.P. 4(i)(1). Service upon an officer or agency of the United States sued in his official capacity may be effected by serving the United States and by sending a copy of the summons and complaint by registered or certified mail to the officer or agency. Fed.R.Civ.P. 4(i)(2).

When a Federal official is sued in his or her individual capacity as Agent Bernal and Slovic are here, it is well settled that the officer must be personally served with the summons and complaint. See Micklus v. Carlson, 632 F.2d 227, 240-41 (3rd Cir. 1980); Howard v. United States, 2000 WL 128701 at *1 (E.D. Pa. January 24, 2000); Doyle v. U. S. Department of Justice, 1995 WL 412406 at *4 (E.D. Pa. July 7, 1995). Rule 4(i)(2)(B) provides that when an officer or employee of the United States is sued in an individual capacity for acts or omissions occurring in connection

with the performance of duties on behalf of the United States, the plaintiff must serve the United States and personally serve the individual defendant. Fed.R.Civ.P. 4(i)(2)(B).[3]

Here, neither INS Agent Slovic nor Bernal have been personally served. See Court Docket. Plaintiff's failure to effect proper service requires the dismissal of plaintiff's amended complaint against INS agents Slovic and Bernal for failure to make proper service.

## CONCLUSION

For all the reasons set forth above, defendants respectfully request that plaintiff's amended complaint directed at defendants the INS and INS Agents Slovic and Bernal be dismissed.

---

[3] When an objection to service is made, the party making service has the burden of demonstrating that service was properly made. See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3rd Cir. 1993); Atuahene v. Sears Mortgage Corp., 2000 WL 134326 at *6 (E.D. Pa. February 4, 2000); Suegart v. U.S. Customs Service, 180 F.R.D. 276, 278 (E.D. Pa. 1998).

        Respectfully submitted,

        PATRICK L. MEEHAN
        United States Attorney


        _____
        JAMES G. SHEEHAN
        Assistant United States Attorney
        Chief, Civil Division


        _____
        NURIYE C. UYGUR
        Assistant United States Attorney
        United States Attorney's Office
        Eastern District of Pennsylvania
        615 Chestnut Street, Suite 1250
        Philadelphia, PA
        (215) 861-8324

Dated: September 27, 2002

CERTIFICATE OF SERVICE

       I, Nuriye C. Uygur, hereby certify that on the 27th day of September, 2002, I caused a copy of the foregoing Motion to Dismiss to be served by first class mail, postage prepaid upon

    Remoi Okocci, A#72-748-741
    ID#02-3030, Unit C-1-76
    Montgomery County Corrections Facility
    60 Eagleville Road
    Norristown, PA 19403

    Matt Connell, Esquire
    Holsten and Associates
    One Olive Street
    Media, PA 19063

_____
NURIYE C. UYGUR
Assistant United States Attorney