**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REMOI OKOCCI** | | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **No. 02-CV-2631** |
| | : | |
| **KLEIN, C.O., ET AL.** | : | **JURY TRIAL DEMANDED** |
| **Defendants** | : | |

_____

**DEFENDANTS, CORRECTION OFFICER KLEIN, WARDEN GEORGE WAGNER,
SERGEANT BROWN AND SHIFT COMMANDER JOHN DOE'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants, Correction Officer Klein, Warden George Wagner, Sergeant Brown and Shift Commander John Doe (hereinafter referred to as Moving Defendants) by and through their attorneys Holsten & Associates, hereby respond to Plaintiff's Complaint and in support thereof avers as follows:

1. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent that this paragraph contains factual averments that are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied. Strict proof is demanded at trial.

2. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent that this paragraph contains factual averments that are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied. Strict proof is demanded at trial.

3. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent that this paragraph contains factual averments

that are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied.  Strict proof is demanded at trial.

4.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that this paragraph contains factual averments that are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied.  Strict proof is demanded at trial.

5.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that this paragraph contains factual averments that are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied.  Strict proof is demanded at trial.

6.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

7.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

8.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

9.     Denied.

2

10.    Denied

11.    Denied as stated.

12.    Denied as stated.

13.    Denied as stated.

14.    Admitted in part.  Denied in part.  It is admitted only that Sgt. Brown held a disciplinary hearing with regard to disciplinary charges filed against the Plaintiff.  As for the remaining allegations of this paragraph, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of those allegations therefore same are denied and strict proof thereof is demanded at trial.

15.    It is admitted only that a fingerprint analysis of the "shank" was not conducted because same is not part of a disciplinary review or required to establish the disciplinary charges of possession of contraband.  As for the remaining allegations contained in this paragraph, after reasonable investigation Answering Defendants have insufficient information with which to admit or deny those allegations, therefore same are denied and strict proof thereof is demanded at trial.

16.    Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

17.    It is admitted only that the Plaintiff was found guilty of possession of contraband and sanctions of disciplinary segregation for the amount of 20 days was imposed.  The remaining allegations contained in this paragraph are denied as stated.

3

18.     Denied.     After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

19.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that this paragraph contains factual averments that are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied.  Strict proof is demanded at trial.

20.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that this paragraph contains factual averments that are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied.  Strict proof is demanded at trial.

21.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that this paragraph contains factual averments that are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied.  Strict proof is demanded at trial.

22.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that this paragraph contains factual averments that are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied.  Strict proof is demanded at trial.

4

23.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that this paragraph contains factual averments that are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied.  Strict proof is demanded at trial.

24.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that this paragraph contains factual averments that are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied.  Strict proof is demanded at trial.

25.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that this paragraph contains factual averments that are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied.  Strict proof is demanded at trial.

26.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that this paragraph contains factual averments that are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied.  Strict proof is demanded at trial.

27.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that this paragraph contains factual averments that are not deemed conclusions of law, after reasonable investigation, Answering Defendants

are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied.  Strict proof is demanded at trial.

28.    The allegations contained in this Complaint relate to Plaintiff's allegations of violation of his Eighth Amendment rights, which were dismissed from Plaintiff's Complaint pursuant to the Order of the Honorable J. Curtis Joyner, dated November        , 2002.

29.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that this paragraph contains factual averments that are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the matters asserted therein and the same are accordingly denied.  Strict proof is demanded at trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against Plaintiff with an award of costs attorney's fees and all other relief this Honorable Court deems appropriate.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiff fails to state a cause of action against Answering Defendants upon which relief may be granted.

**Second Affirmative Defense**

Answering Defendants assert the defenses of absolute, governmental, official, good faith and/or qualified immunity.

**Third Affirmative Defense**

Merely negligent or careless conduct on the part of Answering Defendants is insufficient to maintain a cause of action pursuant to 42 U.S.C. Section 1983.

**Fourth Affirmative Defense**

Plaintiff was afforded all constitutional rights and protections at all times material to the incident complained of in Plaintiff's Complaint.

**Fifth Affirmative Defense**

Answering Defendants at all times exercised reasonable care in the execution of their duties.

**Sixth Affirmative Defense**

Answering Defendants did not engage in a custom, policy, pattern or practice to deny Plaintiff of his constitutional rights.

**Seventh Affirmative Defense**

If the Plaintiff received any injuries, they were caused by his own unlawful conduct.

## Eighth Affirmative Defense

Answering Defendants exercised reasonable care under the circumstances of this case.

## Ninth Affirmative Defense

Answering Defendants did not willfully or intentionally commit any wrongful act causing injury or damage to the Plaintiff and in the absence of willful conduct there can be no liability on the part of Answering Defendants to the Plaintiff.

## Tenth Affirmative Defense

Plaintiff's alleged injuries, suffering and or damages, if any, were caused by his own illegal, willful and malicious conduct, and/or his own negligence, carelessness and reckless disregard for the rights of others, and not by any civil rights violations.

## Eleventh Affirmative Defense

If Plaintiff sustained any injuries they were caused by actions of other persons over whom Answering Defendants have no control.

## Twelfth Affirmative Defense

Plaintiff's claims are barred by the doctrines of collateral estoppel, res judicata and/or statue of limitations.

## Thirteenth Affirmative Defense

The claims as to Warden George Wagner must be dismissed because they fail to establish the policy of these Defendants, much less a sufficient nexus between Plaintiff's alleged damages and any policy to deprive the Plaintiff of his constitutional rights.

### Fourteenth Affirmative Defense

Answering Defendants are or were employees of a "local agency" and are entitled to all defenses, immunities and limitations on damages available to a local agency under the Political Subdivision Tort Claims Act 42 Pa. C.S.A. §8541 et seq.

### Fifteenth Affirmative Defense

Plaintiffs' state law claims against Answering Defendants must be dismissed pursuant to the Political Subdivision Tort Claims Act 42 Pa. C.S.A. §8541 et seq.

### Sixteenth Affirmative Defense

Plaintiff cannot recover punitive damages from the Defendants.

### Seventeen Affirmative Defense

Plaintiff's claims against Answering Defendants must be dismissed because Answering Defendants are entitled to official immunity.

**WHEREFORE**, Answering Defendants deny any and all liability to Plaintiff and demand judgment in their favor, together with costs, attorney fees and such other relief as this Honorable Court deems appropriate.

9

Respectfully submitted,

**HOLSTEN & ASSOCIATES**

By: _____
**Matthew J. Connell, Esquire**
**Attorney for Defendants, Correction**
**Officer Klein, Warden George Wagner,**
**Sergeant Brown and Shift Commander**
**John Doe**
Attorney I.D. No. 80246
Holsten & Associates
One Olive Street
Media, PA 19063
(610) 566-8800

Date:_____

**<u>CERTIFICATE OF SERVICE</u>**

I, Matthew J. Connell, Esquire, attorney for Defendants, Correction Officer Klein,

Warden George Wagner, Sergeant Brown, and Shift Commander John Doe, hereby certify that a

true and correct copy of within Answer to Plaintiff's Amended Complaint with Affirmative

10

Defenses was served upon the following individual(s) via U.S. mail this _____ day of

**November, 2002.**

Nuriye C. Uygur, Esquire
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106

Remoi Okocci – A72-748-741
72275
York County Prison
3400 Concord Road
York, PA  17402-9580

**BY:** _____

**Matthew J. Connell, Esquire**
**Attorney for Defendants,**
**Correction Officer Klein, Warden**
**George Wagner, Sergeant Brown**
**And Shift Commander John Doe**

Dated: _____