**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| REMOI OKOCCI | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | No. 02-2631 |
| | : | |
| KLEIN, C.O., ET AL. | : | JURY TRIAL DEMANDED |
|     Defendants | : | |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Plaintiff's Motion to object to Admission of Prior Criminal Convictions and Defendant's response thereto it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED** and Defendants are permitted to introduce evidence of Plaintiff's prior criminal convictions.

                                  **BY THE COURT:**

                                  **Honorable J. Curtis Joyner        J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REMOI OKOCCI  :  <br>     **Plaintiff**  : | |
| v.  : | No. 02-2631 |
|  : | |
| KLEIN, C.O., ET AL.  : | JURY TRIAL DEMANDED |
|     **Defendants**  : | |

**DEFENDANT, BERKS COUNTY PRISON'S REPLY TO PLAINTIFF'S MOTION TO OBJECT TO THE ADMISSION OF PRIOR CRIMINAL CONVICTIONS**

Defendants, Corrections Officer Klein, Warden George Wagner, Sergeant Brown and Shift Commander John Doe (hereinafter referred to as "Responding Defendants"), by and through their attorneys, Holsten & Associates, hereby respond to Plaintiff's Motion to Exclude Prior Criminal Record and in response thereof aver as follows:

**I.     FACTS:**

Plaintiff initiated the instant matter by filing a Complaint in the United States District Court for the Middle District of Pennsylvania.  On May 2, 2002, the record was transferred to the United States District Court for the Eastern District of Pennsylvania.

The Plaintiff's Amended Complaint alleges that a "shank" was found in his cell at the Berks County Prison.  After a disciplinary hearing, the Plaintiff was ordered to remain in disciplinary detention for 20 days.  The Plaintiff's Complaint alleges that his federal constitutional rights were violated when he was denied fingerprint analysis of the "shank."  Additionally, paragraph 23 of Plaintiff's Amended Complaint alleges that the disciplinary conviction at Berks County Prison, is "defamatory in character and injurious to (his) reputation exposing (him) prejudicial before Federal Court hearing (his) claims for release on a *habeas corpus* and immigration officials who have authority to render decision on (his) release.  This

2

defamatory communication is injurious to (his) liberty . . . and the communication does lower (him) in the estimate of third persons from associations or dealing with (him) especially prison officers." (See Plaintiff's Complaint at paragraph 23).

The Plaintiff files the Motion to Compel seeking to have all references to his prior criminal convictions excluded from the trial of this matter. However, the criminal convictions are relevant because the Plaintiff has alleged that the actions of Responding Defendants caused injury to his character as seen by others.

**II.    LEGAL ANALYSIS:**

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of accumulative evidence." F.R.C.P. 403. However, there is no unfair prejudice in the admission of the Plaintiff's criminal history in this matter. The Plaintiff specifically makes his reputation an issue in paragraph 23 of his Complaint. Specifically, the Plaintiff alleges that the disciplinary conviction arising from his possession of a shank is "defamatory in character and injurious to his reputation exposing him to prejudice . . ." (See Plaintiff's Complaint at paragraph 23). Furthermore, the Plaintiff alleges that the conviction "lowers him in the estimate of third persons from associations or dealing with him . . . ." (Id.) The Plaintiff cannot allege that the disciplinary conviction resulting from the possession of the shank in his cell causes injury to his character, and then seek to exclude other evidence that directly relates to his character. It is respectfully suggested that the claims are relevant to the defense of this case in light of Plaintiff's claims of injury to his character.

The Plaintiff testified at his deposition that he was convicted in 1990 of criminal sexual contact in 1990 and 1994 in Middlesex County New Jersey. (See relevant portions of Plaintiff's deposition testimony attached hereto and marked as Exhibit "A" at pp. 14-17). Additionally, the Plaintiff testified that he believes that his criminal history is made available to the same persons, such as immigration officials, to whom he alleges have reduced their opinion of Plaintiff in light of the disciplinary action. (Id.) Consequently, he clearly had prior concerns about his character and the estimate of his character in the eyes of third persons because of his criminal convictions. Consequently, his allegations that the disciplinary action has injured his reputation is questionable at best and Defendants should be entitled to raise this issue in front of the jury.

### III.  CONCLUSION:

For reasons set forth above Responding Defendants respectfully requests that this Honorable Court deny Plaintiff's Motion Seeking to Exclude Evidence of Prior Convictions.

_____
Matthew J. Connell, Esquire
Attorney I.D. No:  80246
Holsten & Associates
One Olive Street
Media, PA  19063
(610) 627-2422
Attorney for Defendants,
Corrections Officer Klein, Warden George Wagner, Sergeant Brown and Shift Commander John Doe

**Dated:** _____

**CERTIFICATE OF SERVICE**

  I, Matthew J. Connell, Esquire, attorney for Defendants, Correction Officer Klein, Warden George Wagner, Sergeant Brown, and Shift Commander John Doe, hereby certify that a true and correct copy of within Motion to Object to Admission of Prior Criminal Convictions, was served upon the following individual(s) via U.S. mail this **19** day of **March, 2003.**

Remoi Okocci – A72-748-741<br>
LCP ID. 106446<br>
Lehigh County Prison<br>
38 North Fourth Street<br>
Allentown, PA  18102

        **BY:** _____
           **Matthew J. Connell, Esquire**
           **Attorney for Defendants,**
           **Correction Officer Klein, Warden**
           **George Wagner, Sergeant Brown**
           **And Shift Commander John Doe**

Dated:  _____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REMOI OKOCCI,                             :
       Plaintiff              :
   vs                                     :    No. 02-CV-2631
KLEIN, C.O. ET AL.,                       :
       Defendants             :

DEPOSITION OF REMOI OKOCCI

              Taken at the Lehigh County Prison 38 North 4th Street, Allentown, Pennsylvania, 18102, on Wednesday, February 26, 2003, commencing at 11:15 o'clock a.m., before Matthew Giovannini, Jr., Registered Professional Reporter.

APPEARANCES:

   HOLSTEN & ASSOCIATES
   By:  MATTHEW J. CONNELL, ESQUIRE
       One Olive Street
       Media, Pa. 19063

   -- For Berks County Prison



1

```
 1   Q        Where was that -- I am sorry, First Fidelity
 2   Bank?
 3   A        First Fidelity Bank in North Brunswick.
 4   Q        Who was the temporary agency that you were
 5   affiliated with?
 6   A        Pomerez, located in Island Park.  I think
 7   it's P-o-m-e-r-e-z.
 8   Q        Okay, thank you.  And how long were you
 9   affiliated with that employment agency?
10   A        I have been using it since the 90's, prior to
11   my arrest in 1990.
12   Q        Okay.  Do you happen to know the address of
13   that?
14   A        No.  I don't remember.
15   Q        Now, you mentioned that you completed an
16   18-month sentence where you were incarcerated in
17   Wrightstown, Fort Dix, New Jersey.  What was the name
18   of that institution that you were incarcerated in?
19   A        It was Mid-State Correction Facility.
20   Q        Okay, and what was the conviction that you
21   suffered that landed you there?
22   A        No.  That was a violation of probation.
23   Q        Okay.  What were you on probation for?
24   A        For criminal sexual contact.  That's NJSA,
25   2 C:124-3(b).
```

14

1   Q        And that's the statute section that you --
2   A        Yeah.
3   Q        Okay.
4            Okay, and when were you convicted of the
5   criminal sexual contact?
6   A        That was for the 1994 incident.
7   Q        What was the year of the conviction, do you
8   know?
9   A        I think it was '95.  '95 is when the Court
10  rendered decision on the case.
11  Q        Was that in New Jersey?
12  A        In New Jersey, yes.
13  Q        What town?
14  A        It was Superior Court, Middlesex County.
15  Q        Do you recall what your sentence was?
16  A        Original sentence was three years probation
17  with 364 days incarceration, and credit 190 days for
18  jail credit.  And then when they violated me, violated
19  probation, then they instituted 18-month sentence.
20  Q        When you were found in violation of your
21  probation, were you charged with another crime?
22  A        No.
23  Q        No.  So the last time you were convicted was
24  of this criminal sexual contact?
25  A        That's the last one, yeah.

15

1  Q        Did you have any convictions prior to that
2  criminal sexual contact?
3  A        That was in 1990.
4  Q        And what was it in 1990?
5  A        It was criminal sexual contact.
6  Q        And was that also in Middlesex County?
7  A        That's correct.
8  Q        What was your sentence from that?
9  A        That was 77 days, and three years probation.
10 It was two counts of criminal sexual contact.
11 Q        Did you complete that probation?
12 A        Yes, I did.
13 Q        So at that time of your 1994 arrest, you were
14 not under supervised --
15 A        No.
16 Q        -- supervised by the courts in any way?
17 A        No.
18 Q        Okay.  Other -- Prior to the 1999 criminal
19 sexual contact conviction, did you have any other
20 convictions?
21 A        No.
22 Q        What is your -- What Country are you from?
23 A        I am from Uganda.
24 Q        Uganda?  Okay, I was just curious.
25          Now, what I am going to ask you is, to the

16

1   best that you can remember, all the penal institutions
2   that you have been incarcerated in since your arrest
3   in 1990, can you recall that?
4   A      Yeah.
5   Q      Working backwards or forwards, whichever way
6   you want.
7   A      I can recall them.
8   Q      Where are we going to start?  Start at the
9   beginning?
10  A      Middlesex County Adult Correction Facility,
11  the Garden State Reception -- Garden State Reception
12  Facility, V Room Readjustment Facility in West
13  Scranton, then Mid-State Correction Facility in
14  Wrightstown, Fort Dix, New Jersey.  Then that was
15  under the state -- That's under New Jersey.
16  Q      Let me stop you there if I can.
17         I am guessing the Middlesex County Correction
18  Facility, that was a county facility, obviously?
19  A      Yes.
20  Q      The V Room Readjustment, was that a halfway
21  house?
22  A      No.  The Middlesex Correction Facility is
23  where I was originally arrested and sent to before I
24  was convicted.
25  Q      Okay.  So you were held prior to trial?

1  away.
2  Q    So you are not aware of their being any
3  situation where somebody else within the prison, some
4  other inmate, was given a fingerprint analysis?
5  A    I am not aware of that.
6  Q    Other than what you have just stated, is
7  there anything else that is the basis of your equal
8  protection claim?
9  A    You see, counselor, I have been charged with
10 criminal sexual contact, which is a fourth degree
11 offense.  But on my record in Berks County, it's not
12 criminal sexual contact.  They put sexual assault on
13 the record, on the record with the County.
14      If you go back to the County, and tell them,
15 what is the charge on the record, on the file, you are
16 going to see that they put sexual assault.  Those are
17 two different things.
18      And any common officers who work in the
19 facility, who have access to those files and find that
20 you have been charged with a sex crime, they are going
21 to run up on you.
22 Q    That's generally speaking?
23 A    I am saying, again, I am not talking
24 generally speaking, because I have been there.  I have
25 witnessed that, you understand.

45

1          So when they run up on me when I came to that
2  facility, I knew there are either two things they can
3  tell the other inmates of the nature of your crime, so
4  that somebody would pick fight with you, or the
5  officer will plant whatever they want to say, and then
6  they will come and haul your ass back into the box,
7  you understand?
8  Q       Okay.
9  A       So as far as I am concerned, the reason they
10 did this was one, because of the nature of my crime
11 that was written to them, which is not even true.
12         I was convicted of criminal sexual contact.
13 I was not convicted of sexual assault.  But the record
14 in Berks County reflected that I was convicted of
15 sexual assault, because I went and I asked the
16 treatment officer.
17 Q       Now, first of all, you don't raise that in
18 your complaint?
19 A       No, I didn't raise that.  I am just letting
20 you know so you understand.
21 Q       And that's not the basis of your equal
22 protection --
23 A       No.  My equal protection is that the County
24 officials treated me, an alien, who was similarly
25 situated, being charged with the same section of the

46

1  regulation, giving those guys urinalysis; refusing to
2  give me the fingerprint analysis, and with intent to
3  punish me, because we are denying you that. And
4  automatically you are going to be punished with -- for
5  whatever they come up with. So that violates the
6  equal protection process.
7       And my due process claim, the bottom line is
8  they charged me with possession of contraband. That's
9  a very serious offense within the institutional
10 regulation. At minimum they should have given me the
11 opportunity to marshal documentary evidence on my
12 behalf, and that documentary evidence would have been
13 them doing the analysis on it. If they didn't find my
14 fingerprint analysis, they will let me go.
15 Q     Now, let me ask you, when you appealed the
16 decision to Warden Wagner, Warden Wagner responded to
17 you?
18 A     That's correct.
19 Q     Okay, and he responded to you, and although
20 you were not happy, you don't have a problem with the
21 way the response occurred; correct?
22       In other words, you weren't happy with the
23 decision that he made, and you disagree with that.
24 But you didn't have any problems with the fact that
25 there was no response, or that the response took too

47

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REMOI OKOCCI** | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | No. 02-2631 |
| | : | |
| **KLEIN, C.O., ET AL.** | : | **JURY TRIAL DEMANDED** |
| **Defendants** | : | |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Plaintiff's Motion to object to Admission of Prior Criminal Convictions and Defendant's response thereto it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED** and Defendants are permitted to introduce evidence of Plaintiff's prior criminal convictions.

BY THE COURT:

_____
**Honorable J. Curtis Joyner          J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REMOI OKOCCI<br>    **Plaintiff** | :<br>: |
| v. | :    No. 02-2631<br>: |
| KLEIN, C.O., ET AL.<br>    **Defendants** | :    JURY TRIAL DEMANDED<br>: |

**DEFENDANT, BERKS COUNTY PRISON'S REPLY TO PLAINTIFF'S MOTION TO OBJECT TO THE ADMISSION OF PRIOR CRIMINAL CONVICTIONS**

Defendants, Corrections Officer Klein, Warden George Wagner, Sergeant Brown and Shift Commander John Doe (hereinafter referred to as "Responding Defendants"), by and through their attorneys, Holsten & Associates, hereby respond to Plaintiff's Motion to Exclude Prior Criminal Record and in response thereof aver as follows:

**I.   FACTS:**

Plaintiff initiated the instant matter by filing a Complaint in the United States District Court for the Middle District of Pennsylvania. On May 2, 2002, the record was transferred to the United States District Court for the Eastern District of Pennsylvania.

The Plaintiff's Amended Complaint alleges that a "shank" was found in his cell at the Berks County Prison. After a disciplinary hearing, the Plaintiff was ordered to remain in disciplinary detention for 20 days. The Plaintiff's Complaint alleges that his federal constitutional rights were violated when he was denied fingerprint analysis of the "shank." Additionally, paragraph 23 of Plaintiff's Amended Complaint alleges that the disciplinary conviction at Berks County Prison, is "defamatory in character and injurious to (his) reputation exposing (him) prejudicial before Federal Court hearing (his) claims for release on a *habeas corpus* and immigration officials who have authority to render decision on (his) release. This

2

defamatory communication is injurious to (his) liberty . . . and the communication does lower (him) in the estimate of third persons from associations or dealing with (him) especially prison officers." (See Plaintiff's Complaint at paragraph 23).

The Plaintiff files the Motion to Compel seeking to have all references to his prior criminal convictions excluded from the trial of this matter. However, the criminal convictions are relevant because the Plaintiff has alleged that the actions of Responding Defendants caused injury to his character as seen by others.

**II.    LEGAL ANALYSIS:**

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of accumulative evidence." F.R.C.P. 403. However, there is no unfair prejudice in the admission of the Plaintiff's criminal history in this matter. The Plaintiff specifically makes his reputation an issue in paragraph 23 of his Complaint. Specifically, the Plaintiff alleges that the disciplinary conviction arising from his possession of a shank is "defamatory in character and injurious to his reputation exposing him to prejudice . . ." (See Plaintiff's Complaint at paragraph 23). Furthermore, the Plaintiff alleges that the conviction "lowers him in the estimate of third persons from associations or dealing with him . . . ." (Id.) The Plaintiff cannot allege that the disciplinary conviction resulting from the possession of the shank in his cell causes injury to his character, and then seek to exclude other evidence that directly relates to his character. It is respectfully suggested that the claims are relevant to the defense of this case in light of Plaintiff's claims of injury to his character.

The Plaintiff testified at his deposition that he was convicted in 1990 of criminal sexual contact in 1990 and 1994 in Middlesex County New Jersey. (See relevant portions of Plaintiff's deposition testimony attached hereto and marked as Exhibit "A" at pp. 14-17). Additionally, the Plaintiff testified that he believes that his criminal history is made available to the same persons, such as immigration officials, to whom he alleges have reduced their opinion of Plaintiff in light of the disciplinary action. (Id.) Consequently, he clearly had prior concerns about his character and the estimate of his character in the eyes of third persons because of his criminal convictions. Consequently, his allegations that the disciplinary action has injured his reputation is questionable at best and Defendants should be entitled to raise this issue in front of the jury.

### III.  CONCLUSION:

For reasons set forth above Responding Defendants respectfully requests that this Honorable Court deny Plaintiff's Motion Seeking to Exclude Evidence of Prior Convictions.

                                                _____
**Matthew J. Connell, Esquire**
**Attorney I.D. No: 80246**
**Holsten & Associates**
**One Olive Street**
**Media, PA  19063**
**(610) 627-2422**
**Attorney for Defendants,**
**Corrections Officer Klein, Warden George Wagner, Sergeant Brown and Shift Commander John Doe**

**Dated: _____**

4

## **CERTIFICATE OF SERVICE**

I, Matthew J. Connell, Esquire, attorney for Defendants, Correction Officer Klein, Warden George Wagner, Sergeant Brown, and Shift Commander John Doe, hereby certify that a true and correct copy of within Motion to Object to Admission of Prior Criminal Convictions, was served upon the following individual(s) via U.S. mail this **19** day of **March, 2003.**

Remoi Okocci – A72-748-741
LCP ID. 106446
Lehigh County Prison
38 North Fourth Street
Allentown, PA  18102

        **BY:** _____
              **Matthew J. Connell, Esquire**
              **Attorney for Defendants,**
              **Correction Officer Klein, Warden**
              **George Wagner, Sergeant Brown**
              **And Shift Commander John Doe**

Dated: _____