## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REMOI OKOCCI** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **No. 02-2631** |
| | : | |
| **KLEIN, C.O., ET AL.** | : | **JURY TRIAL DEMANDED** |
| **Defendants** | : | |

_____

### ORDER

AND NOW, this            day of                        , 2003, upon

consideration of the Motion for Summary Judgment of Defendants, Correction Officer Klein, Warden

George Wagner, Sergeant Brown, and Shift Commander John Doe, and any reply thereto, it is hereby

**ORDERED** and **DECREED** that said motion is **GRANTED** and Plaintiff's Amended Complaint is

hereby dismissed in its entirety with prejudice.

**BY THE COURT:**


_____
**Honorable J. Curtis Joyner            J.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**REMOI OKOCCI**
      **Plaintiff**              :
                              :

    **v.**                            :       **No. 02-CV-2631**
                              :

**KLEIN, C.O., ET AL.**          :       **JURY TRIAL DEMANDED**
      **Defendants**           :

_____

### DEFENDANTS, CORRECTION OFFICER KLEIN, WARDEN GEORGE WAGNER, SERGEANT BROWN AND SHIFT COMMANDER JOHN DOE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(c)

Defendants, Correction Officer Klein, Warden George Wagner, Sergeant Brown and Shift Commander John Doe (hereinafter referred to as "Moving Defendants"), by and through their attorneys Holsten & Associates, hereby move this Honorable Court to grant their Motion for Summary Judgment and in support thereof aver as follows:

1.      Plaintiff initiated this action by filing a *pro se* Complaint in the United States District Court for the Middle District of Pennsylvania, naming as Defendants, Warden, Berks County Prison, Assistant Warden, Berks County Prison, and Sergeant James R. Brown of the Berks County Prison.

2.      On May 2, 2002, the original record was transferred to the United States District Court for the Eastern District of Pennsylvania.

3.      On May 8, 2002, the Plaintiff was granted leave to proceed *in forma pauperis*.

4.      On August 12, 2002, the Plaintiff filed an Amended Complaint deleting those Defendants identified in Paragraph 1 of this Motion, and substituting "Moving Defendants."

5.    Plaintiff's Amended Complaint alleges that a "shank" was found in his cell at the Berks County Prison.  (See Plaintiff's Amended Compliant at Para. 8).

6.    Plaintiff alleges that subsequent to the discovery of the "shank", he was placed into punitive segregation at the Berks County Prison.  (See Plaintiff's Amended Complaint at Para. 13).

7.    Plaintiff, thereafter, was charged with disciplinary violations for possession of the shank and underwent a disciplinary hearing in front of the Berks County Prison hearing officer Sgt. Brown.  (See Amended Complaint at pp. 2-3, and Plaintiff's deposition at p. 42, relevant portions of Plaintiff's deposition are attached hereto and marked as Exhibit "A"). (See also the citation issued to Plaintiff for possession of contraband, a true and correct copy of which is attached hereto and marked as Exhibit "B"),

8.    Plaintiff alleges that his right to procedural due process was violated because he requested and was denied fingerprint analysis of the "shank" prior to his disciplinary hearing.  (See Amended Complaint "A").

9.    Plaintiff further alleges that his right to equal protection under the laws was violated because inmates charged with possession and/or consumption of controlled substances are entitled to chemical analysis of those substances at disciplinary hearings and, therefore, he is being treated differently since he was denied the opportunity to have a fingerprint analysis of the "shank."  (See Amended Complaint, at Para. 20)  *See Also*, Plaintiff's deposition at p. 42.

10.    Plaintiff has not produced any evidence that suggests that other individuals similarly situated who were charged with possession of a "shank," were provided fingerprint analysis of the shank.  (See  Exhibit "A" at p. 45).

11.    Plaintiff's Amended Complaint alleges that due to the disciplinary charges, his reputation in the community will be harmed.  (See Amended Complaint, at Para. 23).

12.     Although it is not clearly stated in Plaintiff's Amended Complaint, the Plaintiff appears to allege a violation of his right to substantive due Process rights as well as a claim for municipal liability pursuant to 42 Pa. C.S.A. §1983.

13.     For reasons more fully set forth in the attached Memorandum of Law, which is incorporated by reference herein, Plaintiff's claims of municipal liability and a violation of his rights to Substantive Due Process rights must be dismissed.


14.     Plaintiff's Amended Complaint also included allegations of violations of his Eighth Amendment right to be free of cruel and unusual punishment.

15.     On or about September 16, 2002, Moving Defendants filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6).

16.     On or about  November 15, 2002, this Honorable Court dismissed Plaintiff's Eighth Amendment allegations.

17.     The Plaintiff was given a copy of the citation charging him with the disciplinary violation. (See Exhibit "A" at p. 40).

18.     The Plaintiff was made aware of the disciplinary hearing to be held on the violation.  (Id.).

19.     The Plaintiff was found guilty at the disciplinary hearing and was provided notice that he was found guilty.  (Id.)  (A true and correct copy of the report of Plaintiff's disciplinary proceedings is attached hereto and marked as Exhibit "C").

20.     Plaintiff was given the opportunity to speak on his behalf at the disciplinary hearing.  (Id. at 41).

21.     The Plaintiff has no complaints about the process of the disciplinary hearing other than the fact that he was denied fingerprint analysis of the shank.  (Id)

22.     Subsequent to being found guilty of the disciplinary violation the Plaintiff appealed that decision to Warden Wagner who also denied the Plaintiff's request for fingerprint analysis.  (Id at 47).

23.     The Plaintiff has no complaints with regards to any actions taken by Warden Wagner other than the denial of the fingerprint analysis request.  (Id at 48).

24.     Plaintiff's Amended Complaint alleges that a "bald headed" supervisor and Corrections Officer Klein denied the Plaintiff his right to his Eight Amendment protections to be free of cruel and unusual punishment.  (See Plaintiff's Complaint).   Since the Eighth Amendment violations have been dismissed and these are the only allegations against John Doe and Corrections Officer Klein, they must be dismissed as Defendants in this matter.

25.     For reasons more fully set forth in the attached Memorandum of Law, which is incorporated by reference herein, Plaintiff's Amended Complaint must be dismissed as to Moving Defendants because it fails to state a claim upon which relief can be granted pursuant to 42 U.S.C.S.A. §1983.

26.     For reasons more fully set forth in the attached Memorandum of Law, which is incorporated by reference herein, Plaintiff's Amended Complaint must be dismissed because it fails to allege that Moving Defendants violated Plaintiff's rights under the United States Constitution.

27.     For reasons more fully set forth in the attached Memorandum of Law, which is incorporated by reference herein, Plaintiff's Amended Complaint must be dismissed because it fails to set forth a cause of action for defamation.

28.     For reasons more fully set forth in the attached Memorandum of Law, Plaintiff cannot recover punitive damages against Moving Defendants to the extent that they are named in their official capacity.

29.     For reasons more fully set forth in the attached Memorandum of Law, which is incorporated by reference herein, Plaintiff's Amended Complaint must be dismissed because Moving Defendants are entitled to qualified immunity.

WHEREFORE, Moving Defendants respectfully request that this Honorable Court grant its Motion for Summary Judgment and dismiss Plaintiff's Amended Complaint with prejudice and grant such other relief as this Honorable Court deems appropriate.

                                        **Respectfully submitted,**
                                        **HOLSTEN & ASSOCIATES**


                        **By:**    _____
                                        **Matthew J. Connell, Esquire**
                                        **Attorney for Defendants, Correction**
                                        **Officer Klein, Warden George Wagner,**
                                        **Sergeant Brown and Shift Commander**
                                        **John Doe**
                                        Attorney I.D. No. 80246
                                        Holsten & Associates
                                        One Olive Street
                                        Media, PA 19063
                                        (610) 566-8800


**Date:**_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REMOI OKOCCI
        **Plaintiff**               :
                           :
      **v.**                     :        **No. 02-CV-2631**
                           :
KLEIN, C.O., ET AL.        :        **JURY TRIAL DEMANDED**
        **Defendants**         :

_____

### MEMORANDUM OF LAW IF SUPPORT OF DEFENDANTS, CORRECTION OFFICER KLEIN, WARDEN GEORGE WAGNER, SERGEANT BROWN AND SHIFT COMMANDER JOHN DOE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(c)

**I.    FACTS:**

Plaintiff initiated this action by filing a *pro se* Complaint in the United States District Court for the Middle District of Pennsylvania, naming as Defendants, Warden, Berks County Prison, Assistant Warden, Berks County Prison, and Sergeant James R. Brown of the Berks County Prison.

On May 2, 2002, the original record was transferred to the United States District Court for the Eastern District of Pennsylvania. On May 8, 2002, the Plaintiff was granted leave to proceed *in forma pauperis*. On August 12, 2002, the Plaintiff filed an Amended Complaint deleting those Defendants identified in Paragraph 1 of this Motion, and substituting Moving Defendants. (See Plaintiff's Amended Complaint).

Plaintiff's Amended Complaint alleges that a "shank" was found in his cell at the Berks County Prison. (See Amended Complaint at Para. 8). Plaintiff alleges that subsequent to the discovery of the "shank", he was placed into punitive segregation at the Berks County Prison. (See Amended Complaint at Para. 13). Plaintiff, thereafter, was charged with disciplinary violations for possession of the shank

7

and underwent a disciplinary hearing in front of Berks County Prison hearing officer Sgt. Brown. (See Plaintiff's Amended Complaint at pp. 2-3, and Plaintiff's deposition at p. 42, relevant portions of Plaintiff's deposition is attached hereto and marked as Exhibit "A"). (See also a true and correct copy of the disciplinary citation issued to Plaintiff attached hereto and marked as Exhibit "B").

Plaintiff alleges that his rights to procedural due process were violated because he requested and was denied fingerprint analysis of the "shank" prior to his disciplinary hearing. (See Amended Complaint). Plaintiff further alleges that his rights to equal protection under the laws were violated because inmates charged with possession and/or consumption of controlled substances are entitled to chemical analysis of those substances at disciplinary hearings and, therefore, he is being treated differently since he was denied the opportunity to have a fingerprint analysis of the "shank." (See Amended Complaint, at Para. 20) See Also, Plaintiff's deposition at p. 42).

Plaintiff has presented no evidence that suggests that other similarly situated individuals who were charged with possession of a "shank" were provided fingerprint analysis. (See Exhibit "A" at p. 45). Furthermore, there is no evidence that the denial of the request for a fingerprint analysis was done with purposeful intent to discriminate against a protected class.

Plaintiff's Amended Complaint alleges that due to the disciplinary charges, his reputation in the community will be harmed. (See Exhibit "A", at Para. 23). Plaintiff's Amended Complaint also included allegations of violations of his right to due process, equal protection and his Eighth Amendment right to be free of cruel and unusual punishment. Plaintiff's Amended Complaint alleges that a "bald headed" supervisor and Corrections Officer Klein denied the Plaintiff his right to his Eight Amendment protections to be free of cruel and unusual punishment. Since the Eighth Amendment violations have been dismissed and these are the only allegations against John Doe and Corrections Officer Klein, they must be dismissed as Defendants in this matter.

8

Plaintiff was subsequently given a citation for a disciplinary violation and was provided a copy of the citation. (See Exhibit "A" at p. 40 and Exhibit "B"). The Plaintiff was made aware of the disciplinary hearing in front of Sgt. Brown. (Id.). The Plaintiff was found guilty at the disciplinary hearing and was provided notice as he was found guilty. (Id.) (See also Exhibit "C"). Plaintiff was given the opportunity to speak on his behalf at the disciplinary hearing. (Id. at 41). The Plaintiff has no complaints about the process of the disciplinary hearing other than the fact that he was denied fingerprint analysis of the shank. (Id). Subsequent to being found guilty of the disciplinary violation the Plaintiff appealed that decision to Warden Wagner who also denied the Plaintiff's request for fingerprint analysis. (Id at p. 47). The Plaintiff has no complaints with regards to any actions taken by Warden Wagner other than the denial of the fingerprint analysis request. (Id at p. 48).

The Plaintiff has failed to produce any evidence that anyone at Berks County Prison acted in anyway that would rise to the level of a constitutional violation. Furthermore, the Plaintiff has produced no evidence establishing that Berks County Prison has engaged in a policy or custom that violated any constitutionally protected right of the Plaintiff.

The Plaintiff's entire case revolves around his request to have a fingerprint analysis of the shank that was found in his cell. The Plaintiff believes that he was denied his constitutional rights at a disciplinary hearing because his request for the fingerprint analysis was denied. (See Exhibit "A" at pp. 45-48).

## II.    **LEGAL STANDARD**

Summary Judgment may be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c). "A party is entitled to Summary Judgment, if the pleadings, depositions, answers to Interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the Moving Party is entitled to judgment as a matter of law." Furthermore, "(w) here . . . the non-moving party bears

the burden of persuasion at trial, the Moving Party may meets it burden with a showing "that there is an absence of evidence to support the non-moving party's case." Nieves v. Dragovich, et al, 1997 wl 698490 (E.D. Pa. 1997; Yohn, J.). *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). Summary Judgment will not be denied simply because there are some factual disputes between the parties. Rather, only " . . . a dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, will preclude the entry of summary judgment." Orsatti v. New Jersey State Police et al., 71 F.3d 480, 482 (3d Cir. 1995) c*iting* Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). If the evidence favoring the non-moving party is "merely colorable or not significantly probative" summary judgment may be granted. Anderson at 249-50. Presently, Moving Defendants assert that there are no facts, which are material, in dispute which would affect the outcome of this litigation pursuant to the civil rights laws and Plaintiff's constitutional claims.

Plaintiff must present competent evidence to establish a genuine issue of material facts for trial, and has failed to meet this burden. Consequently, Moving Defendants are entitled to summary judgment and Plaintiff's Amended Complaint must be dismissed with prejudice.

## III.    LEGAL ANALYSIS.

### A.    Plaintiffs' Claims Pursuant to 42 U.S.C. §1983

#### Plaintiff Has Failed to Prove That a Constitutional Violation Occurred

Plaintiffs' Complaint indicates it is an action under 42 U.S.C. §1983 for violations of the Fifth, and Fourteenth Amendments to the United States Constitution. See Exhibit "A." Section 1983 states, in relevant part, that:

> Every person who, under color of any state, ordinance, regulation, custom, or usage of and state...subjects or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law...

42 U.S.C. §1983

10

Section 1983 is not a source of substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-4, 109 S.Ct. 1865, 1870-71, 104 L.Ed.2d 443 (1989). A Court must first ascertain whether the plaintiffs' Complaint has asserted a violation of a constitutional right. In re City of Phila. Litigation, 49 F.3d 945, 962 (3rd Cir. 1995). Plaintiff meets this requirement as his Amended Complaint alleges violations of the Fifth and Fourteenth Amendments to the United States Constitution.

If Plaintiff has alleged a violation of a right which is protected by the Constitution in the general sense, the Court must next engage in a more particularized inquiry which asks if the defendant's conduct violated a constitutional right which was clearly established under the law as of the date the official acted. R.F. v. Mendres, 1998 WL 678115*3 (D.N.J. 1998). Necessarily subsumed in this inquiry is whether defendant's actions rose to the level of a constitutional violation. Id. See, Crawford-El v. Britton, ---U.S. ----, 118 S.Ct. 1584, 1594, 140 L.Ed.2d 759 (1998) (*noting that even where the general rule has been long established, defendant may be entitled to qualified immunity if under the substantive legal doctrine, defendant's conduct was not illegal*).

Plaintiff has failed to meet this requirement as he has not established Moving Defendants violated a clearly established Constitutional Right, as explained below. Specifically, the denial of Plaintiff's request to have a fingerprint analysis of the shank found in his cell does not implicate any constitutionally protected interests.

**B.**     **Plaintiff's Claims Of A Violation Of His Rights To Due Process Must Be Dismissed Because Defendants Are Not Constitutionally Required To Provide Fingerprint Analysis.**

There was no protected liberty interest at stake at the Plaintiff's misconduct hearing. A prison inmate does not have a constitutionally protected interest in the outcome of the prison disciplinary hearing. Nieves, at p. 47. *See also*, Rauso v. Vaughn, 2000 WL 873285 (E.D. Pa. 2000). "The Court has held that

11

'discipline in segregated confinement does not present the type of atypical, significant, deprivation in which a state might conceivably create a liberty interest.'" Nieves at p. 4 *citing* Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's Amended Complaint alleges that as a result of the disciplinary proceedings he was assigned to disciplinary segregation for 20 days. (See Plaintiff's Amended Complaint at p. 4). Additionally, the Plaintiff alleges the prospective harm of damage to his reputation in the prison community that may result as a result of his disciplinary conviction. However, such harm cannot be considered a state created interest. Nieves, at p. 4. Consequently, the Plaintiff has failed to state a claim for violation of his rights to Procedural Due Process.

However, even if it can be stated that the Plaintiff does have a protected interest in the outcome of the disciplinary hearing, the Plaintiff was provided all process for which he was due.

Plaintiff alleges that Berks County Prison's failure to provide him with a fingerprint analysis of the "shank" constituted a violation of his procedural due process rights. (See Plaintiff's Complaint). In order to state a claim under §1983 for a due process violation a Plaintiff must first establish that the property interest for which he was deprived was protected by the Constitution of the United States. Nieves at p. 3. "Due process protection for a prisoners state created liberty interest is limited to "situations where deprivation of the interest imposes atypical and significant hardship on the inmate in relation to the ordinary incidence of prison life." Id. *citing* Griffin v. Vaughn 112 F.3d 703, 706 (3d. Cir. 1997). *Citations omitted*. In the present case, the Plaintiff alleges that he was denied the opportunity to have a fingerprint analysis of the "shank" and therefore he was denied procedural due process. (See Plaintiff's Amended Complaint and Exhibit "A" at p. 47).

The United States Supreme Court has set forth the due process requirement that a prison must provide during disciplinary hearings. Urbanski v. Horn, 1998 WL 661531 (E. D. Pa. Padova, J.); *citing* Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974). In a prison disciplinary hearing, a prisoner is entitled to the following:

12

1.    Written notice of the charges and no less than 24-hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing,

2.    A written statement by the Fact Finder as to the evidence relied on and the reasons for the disciplinary action, and

3.    An opportunity to "*call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.*"

Id. At 563-71, 2978-82.

In the present matter, the Plaintiff's Amended Complaint merely alleges that Berks County Prison officials did not provide him the opportunity for a fingerprint analysis of the alleged "shank." In fact, the only basis of Plaintiff's constitutional claims is the denial of the request for fingerprint analysis. (See Exhibit "A' at p. 47). Failure to provide fingerprint analysis of alleged contraband does not rise to a level of a constitutional violation. Furthermore, the Plaintiff did receive the protections that are required under Wolf v. McDonnell. The Plaintiff has testified that he was made aware of the disciplinary hearing, was provided notice of being found guilty at the disciplinary hearing and that he was provided the opportunity to speak at his disciplinary hearing. (See Exhibit "A" at p. 41). The Plaintiff's sole complaint with regard to the disciplinary hearing is the fact that he was denied a fingerprint analysis of the shank. (Id.) The Plaintiff in this matter received all process that was due and there is no evidence to establish that the standards set forth by the United States Supreme Court in Wolff v. McDonnell were violated. Consequently, Plaintiff's allegations of a violation of his constitutional rights to procedural due process must be dismissed.

The Plaintiff's allegations of violation of his due process rights are directed at Defendants Brown and Wagner. Plaintiff has alleged and testified that his due process allegations of violations of his rights arise from the disciplinary hearing proceeding. (See Exhibit "A" at pp. 42-47). The Plaintiff believes that because his request for fingerprint analysis was denied that Defendant, Sgt. Brown ignored the truth and found him guilty. (Id.) It is within the scope of the quasi-judicial function of a hearing officer to determine

13

the credibility of witnesses and weigh written reports of corrections officers' against the sworn testimony of inmates.  Nieves at p. 4.  Furthermore, "it is the hearing examiner's province, and not the court's, to gauge the credibility of evidence and witnesses at a misconduct hearing."  Id.  citing White v. Kane, 860 F.Supp 1075, 1079 (E.D. Pa. 1994).  Consequently, Sgt. Brown was acting in a quasi judicial function at the time of the Plaintiff's disciplinary hearing and provided the Plaintiff all process which he was due under the circumstances at the disciplinary hearing.  Therefore, Sgt. Brown did not violate the Plaintiff's rights to Procedural Due Process.

Warden Wagner is named as a Defendant because of his failure to grant the fingerprint analysis requested by the Plaintiff.   (See Exhibit "A" at pp. 47-48).  The Plaintiff specifically did not have a problem with how Warden Wagner responded to his appeal he simply was not happy with the Warden's decision which denied the request for fingerprint analysis.  (Id).   Warden Wagner was not otherwise involved in the disciplinary proceedings.  (Id).   As indicated above, the Plaintiff is not entitled to a fingerprint analysis, consequently the Plaintiff's allegations of violations of his due process as to Warden Wagner must be dismissed.

Since the Plaintiff has failed to establish a constitutional cause of action with regards to a violation of his rights to procedural due process against any of the named Defendants, Moving Defendants Motion for Summary Judgment must be granted.

C.   **Plaintiff's Allegations Of The Violation Of His Right To Equal Protection Under The Laws, Must Be Dismissed Because The Plaintiff Has Failed To Present Any Evidence That He Was Treated Differently Than Others Similarly Situated**

"The essence of the equal protection guarantee embodied in the Fifth and Fourteenth Amendments is that all persons similarly situated should be treated alike."  Nieves at p. 5 citing Cleburne v. Cleburne Living Center, Inc. 473 U.S. 432, 439 (1985).  "An equal protection analysis "begins with the basic

14

principal that a litigant who alleges an equal protection violation has the burden of proving the existence of purposeful discrimination." Nieves at p. 5. *citing* McCleskey v. Kemp, 481 U.S. 279, 292 (1987).

Plaintiff's Amended Complaint alleges that inmates at Berks County Prison who are charged with possession of illegal controlled substances receive chemical analysis of those controlled substances prior to their disciplinary hearing. (See Exhibit "A"). Plaintiff alleges that his rights to equal protection under the laws have been violated because he did not receive a fingerprint analysis of the "shank." This argument fails to allege a cognizable claim. The Plaintiff wholly fails to allege that individuals who are similarly situated received different treatment than the Plaintiff.

To state an equal protection claim, Plaintiff must allege: "(1) the person, compared with others similarly situated, was selectively treated; and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race, religion, to punish, to inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." Sabatini v. Reinstein, 1999 W.L. 636667 (E.D. Pa. August 20, 1999) (*citations omitted*) *quoting* Homan v. City of Reading, 963 F.Supp. 485, 490 (E.D. Pa. 1997). Presently, the Plaintiff is attempting to compare chemical analysis of a controlled substance, which the prison must establish in its burden to convict individuals who are charged with possession of controlled substances, with the burden to establish that the Plaintiff possessed a knife that was found in his cell. When the Commonwealth is prosecuting a crime charged under the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa. C.S.A. §780-101 et seq., the Commonwealth is required to establish the chemical make-up of the controlled substance serving as the basis of the crime. Commonwealth v. Tau Kappa Epsilon et al., 385 Pa. Super. 247, 258, 560 A.2d 786, 792 (1989) (Popovich, J. Dissent) *citing* Commonwealth v. Slyman, 334 Pa. Super. 415, 483 A.2d 519 (1984); Commonwealth v. Arenella, 606 Pa. Super. 119; 452 A.2d 243 (1982); Commonwealth v. Albert, 264 PA Super. 390; 399 A.2d 1106 (1979).

15

The Plaintiff cannot establish that any other inmates at Berks County Prison, who were charged with possession of knives in their cells, received fingerprint analysis. (See Exhibit "A"). Accordingly, Plaintiff's allegations fail and the equal protection claims must be dismissed. Furthermore, the Plaintiff has not alleged or established that the reason for the alleged selective treatment was motivated by an impermissible consideration.

### D.    Plaintiff Has Not Established Any Evidence Of A Violation Of His Substantive Due Process Rights

Although a violation of Plaintiff's substantive due process is not alleged in the Amended Complaint, there is language suggesting that the Plaintiff is complaining that the Defendants callously disregarded his rights. Although Defendants are not conceding that there is a substantive due process claim in the event that a liberal construction reveals that there is such a claim, said claim fails. "The substantive component of the due process clause can only be violated by government employees when their conduct amounts to an abuse of official power that shocks the conscience." Rauso v. Vaughn, 2000 W.L. 873 285 (E.D. Pa. 2000) (Scuderi, Magistrate J.), *citing* Gross v. Taylor, 1997 W.L. 535872, at *15 (E.D. Pa. August 5, 1997) (*citing*) Fagan v. City of Vineland, 22 F.3d 1296, 1303 (3d. Cir. 1994). There are simply no allegations in Plaintiff's Complaint and no evidence propounded that any actions by any other named Defendants, "shocks the conscience." It cannot be said that mere denial of Plaintiff's illegitimate requests for a fingerprint analysis of a "shank" that was in his prison cell rises to the level of conscience shocking. Consequently, any substantive due process claims must be dismissed.

### E.    Plaintiff Has Failed To Establish Any Cause of Action Against Warden Wagner

There is simply no sufficient allegations contained in Plaintiff's Complaint and no evidence produced to suggest that Warden Wagner was in any way involved in the actions of other prison personal

with regard to their contacts with the Plaintiff.  Under 42 U.S.C. §1983 a supervisor cannot be held liable for the conduct of subordinates under a theory of respondent superior.  Nieves at p. 6.

Plaintiff must establish that "some affirmative conduct of (Warden Wagner) played a role in the violation."  Id.  Furthermore,  "a supervisor may not be held liable for the conduct of his subordinates unless the Plaintiff can demonstrate a causal connection between the supervisor's action and the Plaintiff's deprivation."  (Id. at p. 7) citing Shaw v. Strackhouse 920 F.2d 1135, 1147 (3rd. Cir. 1990) Sample v. Diecks, 885 F.2d 1099, 1118 (3d. Cir. 1989); Litz v. City of Allentown, 896 F.Supp 1401, 1413 (E.D. Pa. 1995).  The Plaintiff specifically testified that his only complaints with regards to Warden Wagner was the denial of his request for fingerprint analysis.  (See Exhibit "A" at pp. 47-48).  The mere denial of the request for fingerprint analysis is insufficient to establish supervisor liability under §1983 and therefore Warden Wagner must be dismissed as a Defendant from this action.

## F.    Plaintiff Cannot Prove A Cause Of Action Against Municipal Defendants Pursuant To Monell v. New York City Department of Social Services, 436 U.S. 658 (1978)

The Amended Complaint is unclear as to whether he has named the Defendants in their official or individual capacity.  In the event that a liberal construction of Plaintiff's Complaint suggests that they have been named in their official capacity, any claims of a policy or custom resulting in a constitutional violation must fail.

Claims against individual officials in their official capacity are the equivalent of a claim against a municipality that employees him.  See Kentucky v. Graham, 473 U.S. 159 (1985).  Thus, the suit against each Moving Defendant in his official capacity is the equivalent of a suit against Berks County.  It is well established that where a lawsuit alleging municipal liability is brought pursuant to §1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom.  See Monell v. New York Department of Social Services, 436 U.S., 658.

17

Here, Plaintiff's Complaint did not plead or allege a cause of action based upon a policy or custom that caused Plaintiff to suffer a violation of his constitutionally guaranteed rights. (See Amended Complaint). As such, Plaintiff's civil rights claims against the Moving Defendants should fail as a matter of law. However, Plaintiff's failure to develop a case against the Municipal Defendants goes farther than just a failure to plead. Plaintiff has not identified a policy or custom through the course of discovery upon which Plaintiff could base a theory of recovery. Accordingly, due to the lack of evidence produced by Plaintiff and due to Plaintiff's failure to adequately plead a cause of action pursuant to Monell, Plaintiff's cause of action pursuant to 42 U.S.C. §1983 should be dismissed against the Municipal Defendants.

Through Monell, the United States Supreme Court has created a two-track path to municipal liability under §1983, depending on whether the allegation is based upon municipal policy or custom. Beck, 89 F.3d at 971. (citations omitted). In Andrews, the Third Circuit articulated the distinctions between these two sources of liability:

> A government policy or custom can be established in two ways. Policy is made when a "decision maker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanently and well settled" as to virtually constitute law.

895 F.2d at 1480 (citations omitted). Regardless of whether a Plaintiff proceeds under a "policy" or "custom" theory pursuant to § 1983, it is incumbent upon the plaintiff to show that a policymaker is responsible for the policy or custom at issue. Garcia v. County of Bucks, 2001 WL 311253, Civ.A. No. 00-2446, at *4 (E.D. Pa. 2001)(citing Pembaur v. City of Cincinnati, 475 U.S. 469, 481-82, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)).

In City of Canton v. Harris, 489 U.S. 378 (1989), the United States Supreme Court held that the inadequacy of training may serve as the basis for a §1983 liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the (official) come into contact." Id. at 388

18

(footnote omitted).  Although <u>City of Canton</u> involved the city's alleged failure to train its police officers, courts have adopted the deliberate indifference standard to other policy and custom context.  <u>Beck</u>, 89 F.3d at 972 (citations omitted).  This is consistent with the Court's narrow construction of municipal liability under §1983, since <u>Monell</u> limits municipal liability to only those constitutional torts actually caused by the municipality.  <u>Id.</u> at 972.

In <u>Montgomery v. DeSimone</u>, 159 F.3d 120 (3rd Cir. 1998), the Third Circuit reiterated its position that a failure to train, discipline or control can form the basis for a §1983 litigation against an organizational Defendant if the Plaintiff can show both the organization's contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents in circumstances under which the supervisor's actions or inactions could be found to have communicated a message of approval to the offending subordinate.  <u>Id.</u> at 172.

Despite the foregoing, the existence of a unlawful policy or custom alone is insufficient to support a claim under §1983.  The Plaintiff further bears the burden of proving that the municipal practice was the proximate cause of the injuries suffered.  <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 850 (3rd Cir. 1990).  In <u>Bielevicz</u>, the Third Circuit noted that proximate cause is "'[a] sufficiently close causal link between a known but uncorrected custom or usage and a specific violation is established if occurrences of the specific violation was made reasonably probable by the permitted continuation of the custom.'" 915 F.2d at 851 (quotations omitted).

The Plaintiff has wholly failed to produce any evidence establishing municipal liability through <u>Monell</u>.  The Plaintiff has wholly failed to produce any evidence that a failure to train resulted in a constitutional deprivation.  Furthermore, as argued above, the failure to provide fingerprint analysis to the shank found in Plaintiff's cell does not result in a constitutional violation.  Furthermore, the Plaintiff has failed to establish any evidence suggesting that any failure to train resulting in the denial of the fingerprint analysis.  (See Exhibit "A"). Consequently, this claim must fail.

**G.    Plaintiff's Cause Of Action For Defamation Fails To State A Claim For Which Relief Can Be Granted**.

Plaintiff's Amended Complaint alleges that due to the disciplinary conviction on his prison record, his reputation may be harmed in the future.  (See Exhibit "A").  The Plaintiff alleges that this disciplinary charge may expose him to further prejudice before Federal Court hearings for his claims for release on a *habeas corpus*.  (See Exhibit "A", Para. 23).  To state a claim for defamation, the Complaint must allege: (1) the defamatory character of the communication, (2) its publication by the Defendant, (3) its application to the Plaintiff, (4) the understanding by the recipient of its defamatory meaning (5) the understanding by the recipient of it as intended to be applied to the Plaintiff, (6) special harm resulting to the Plaintiff from its publication . . . . <u>Clemente v. Espinosa</u>, 749 F.Supp. 672 (1990) *citing* <u>42 Pa. C.S.A. §8343(a)</u>.  "However, when a communication constitutes slander *per se*, a Plaintiff is not required to prove special harm, i.e., pecuniary loss."  <u>Brinich v. Jencka</u>, 757 A.2d 388, 397; 2000 Pa.Super. 209, (2000).  "[A] Defendant who publishes a statement which can be considered slander *per se*, is liable for the proven, *actual harm,* the publication causes."  <u>Id</u>. *citing* <u>Walker v. Grand Central Sanitation, Inc.</u> 430 Pa.Super. 236, 634 A.2d 237, 244 (1993), *appeal denied*, 539 Pa. 652, 651 A.2d 539 (1994), *citations omitted,* (emphasis added).  "Actual harm includes impairment of reputation and standing in the community . . . personal humiliation, and mental anguish and suffering."  (<u>Id</u>.).

In order to establish a civil rights claims for damage to his reputation, Plaintiff must show that the Defendants injured a constitutionally protected interest.  <u>Garner v. Township of Wrightstown, et al.</u>, 819 F.Supp 435 (E.D. Pa. 1993).  "Numerous decisions from the circuit have held that a cognizable Section 1983 cause of action does not arise where a Defendant has defamed the Plaintiff and injured his reputation in the absence of other damages."  (Id.) *citing* <u>Kulwicki v. Dawson</u>, 969 F.2d 1454 (3d. Cir. 1992); <u>Clark v. Township of Falls</u>, 890 F.2d 611 (3d. Cir. 1989); <u>Robb v. City of Philadelphia</u>, 733 F.2d 286 (3d. Cir 1984); <u>Defaeo v. Sill</u>, 810 F.Supp 648 (E.D. Pa. 1993).

20

In the present case, the Plaintiff has not alleged that the charging of the disciplinary violation resulted in any actual harm.  The Plaintiff's Amended Complaint alleges only prospective damages and this is insufficient to establish  slander *per se*.  Therefore, the Plaintiff has failed to establish special harm or actual harm as required under the doctrine of slander *per se*.  Accordingly, Plaintiff's cause of action for defamation fails to state claims for which relief can be granted.  Moreover, as argued above, Moving Defendants did not violate the Plaintiff's rights to due process or equal protection.  The Plaintiff was properly found guilty of a disciplinary code violation.

### H.    Plaintiff's Amended Complaint Must Be Dismissed Because Moving Defendants Are Entitled To Qualified Immunity.

The Supreme Court has held that government officials are entitled to qualified immunity from civil liability for certain actions performed within the scope of their official duty.  *See generally* Anderson v. Creighton, 483 U.S. 635 (1987).  The test for establishing that an official is entitled to qualified immunity is based upon objective reasonableness.  Id.  In order for a Plaintiff to establish liability on Moving Defendants in the face of the qualified immunity defense, the Plaintiff must first meet the burden of proving that the rights which were allegedly violated were "clearly established," not only in the general sense, but they must also demonstrate that this right was "clearly established" in reference to the particular circumstances presented to the Defendants at the time of their alleged actions.  Id.  "If the law at the time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to know that the law forbade conduct not previously identified as unlawful."  Harlow v. Fitzgerald, 45 U.S. 800 (1982).  Furthermore, the Supreme Court has stressed the importance of making a qualified immunity determination as early in the litigation as possible, and has stated:

> "Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation . . . the privilege is *immunity from suit* rather than the mere defense to liability; and like an absolute

21

immunity, it is effectively lost if a case is erroneously permitted to go to trial."

Saucier v. Katz, 121 S.Ct. 2151 (June 18, 2001), 2156 (*citations omitted, emphasis original*).

The Saucier Court went on to state that "the qualified immunity determination requires that a Court decide whether a reasonable officer in the *particular situation* being encountered would *clearly know* that his conduct was unlawful. 121 S.Ct. at 2156 (*emphasis added*). In the present case, there is no reasonable argument, based on the allegations contained in Plaintiff's Amended Complaint, that the prison officials named as Defendants could reasonably believe that their actions violated the law. Specifically, under the facts pled, the actions of the prison officials were completely reasonable when taken. The facts show that the Defendants merely denied the Plaintiff's request to have a fingerprint analysis of the shank. There is no indication that there was any intentional violation of the standards set forth in Wolfe v. McDonnell, *Supra.* Consequently, even if it is determined that those actions violated the law, the Moving Defendants would be entitled to qualified immunity. Consequently, Plaintiff's Amended Complaint must be dismissed as to Moving Defendants.

## I.     <u>Plaintiff Is Not Entitled To Recover Punitive Damages Against Defendants</u>.

Plaintiff has made a claim for punitive damages against all Defendants. (See Exhibit "A"). The United States Supreme Court has held that suits against individual Defendants in their official capacities are the equivalent of a suit against the municipality that employs them, therefore, they are absolutely immune from punitive damages. Kentucky v. Graham, 473 U.S. (1985); Bass v. Attardi, 868 F.2d 45 (3d. Cir. 1989); Abraham v. Perkarski, 728 F.2d 167 (3d. cir. 1984), *cert. denied* 467 U.S. 1242 (1984). Moreover, liability for judgment in an official capacity action will fall upon the government entity. Brandon v. Holt, 469 U.S. 464 (1985). Accordingly, the Plaintiff's claim for punitive damages against Moving Defendants must be dismissed as it is the equivalent of a request for punitive damages against a municipal entity.

IV.    <u>**CONCLUSION**</u>.

For the foregoing reasons, Moving Defendants respectfully request that this Honorable Court grant its Motion for Summary Judgment, and dismiss Plaintiff's Amended Complaint in its entirety, with prejudice.

Respectfully submitted,

**HOLSTEN & ASSOCIATES**

**By:**    _____

**Matthew J. Connell, Esquire**
**Attorney for Defendants, Correction**
**Officer Klein, Warden George Wagner,**
**Sergeant Brown and Shift Commander**
**John Doe**
Attorney I.D. No. 80246
Holsten & Associates
One Olive Street
Media, PA 19063
(610) 566-8800

**Date:**_____

23

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew J. Connell, Esquire, attorney for Defendants,  Correction Officer Klein, Warden George Wagner, Sergeant Brown, and Shift Commander John Doe,  hereby certify that a true and correct copy of within Motion for Summary Judgment pursuant to F.R.C.P. 56(c), was served upon the following individual(s) via U.S. mail this **22** day of **May, 2003.**

Remoi Okocci – A72-748-741
York County Prison
3400 Concord Road
York, PA  17402-9580

**BY:**    _____
**Matthew J. Connell, Esquire**
**Attorney for Defendants,**
**Correction Officer Klein, Warden**
**George Wagner, Sergeant Brown**
**And Shift Commander John Doe**

Dated:  _____